**IN THE COURT OF APPEALS OF IOWA**

No. 18-0014
Filed November 21, 2018

**DUVALMETRISE BROWN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


        Duvalmetrise Brown appeals the denial of his application for postconviction

relief. **AFFIRMED.**


        R. Ben Stone of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee State.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Des Moines narcotics officers executed a search warrant on an apartment and discovered seven rocks of crack cocaine behind a couch. A jury found Duvalmetrise Brown guilty of possession of crack cocaine with intent to deliver.

On direct appeal, this court rejected Brown's challenge to the sufficiency of the evidence. *State v. Brown*, No. 10-0988, 2011 WL 2420799, at *3–5 (Iowa Ct. App. June 15, 2011) ("[W]e conclude the facts of this case are sufficient to find that Brown was in possession, or aided and abetted one who was in possession, of a controlled substance with intent to deliver."). We cited several pieces of evidence, including Brown's statement that "he did not know 'who threw that crack behind the couch' before being informed where the officers found the crack cocaine." *Id.* at *1.

Brown filed several postconviction-relief applications, which he supplemented with an "amended and consolidated application." At an evidentiary hearing, he sought to establish that officers told him about the crack cocaine behind the couch before he made the incriminating statement. The State objected to the testimony on relevancy grounds. In response, Brown's attorney asserted:

> The issue is: Were these officers questioned as to if it was possible the couch was moved and Mr. Brown saw it prior to making that statement and, therefore, made it; or if another officer, or this officer, made a statement regarding—saying, "Hey, there's some crack behind this couch" prior to Mr. Brown making that statement.

The postconviction court ruled defense counsel "can ask [the officers] those two questions that you just asked."

Counsel proceeded to question several officers. Following the hearing, the postconviction court denied the application. Brown appealed.

Brown contends his trial attorney was ineffective in failing to cross-examine the officers about his location in the apartment and whether he could have "seen the drugs from his vantage point" or "overheard police say where it had been found." In his view, "the postconviction court erred in barring as irrelevant testimony needed to prove that the ineffectiveness of trial counsel was prejudicial." Brown must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As noted, the postconviction court allowed Brown's postconviction attorney to ask the precise questions he sought to ask. Counsel questioned four officers about whether Brown's trial attorney cross-examined them on the following two topics: (1) if it was possible Brown observed the crack cocaine behind the couch before making his incriminating statement, and (2) if it was possible an officer stated, "There's some crack here" before Brown made his incriminating statement. The four officers either answered in the negative or said they did not recall. In short, the postconviction court did what Brown claims the court should have done.

The trial record also does not assist Brown because the evidence he claims his trial attorney should have introduced was admitted, albeit not at his attorney's request. Specifically, the prosecutor asked an officer, "Did you advise the defendant of the location of the crack cocaine?" The officer responded, "No, I did not." He asked again, "During the course of your conversation, did you state that the crack cocaine was behind the couch?" The officer again responded, "No I did not." Because the evidence was already in the record, Brown's trial attorney did not breach an essential duty in failing to ask the questions.

Brown also contends, "Denial of the right to obtain relevant evidence is a violation of the rights of due process and confrontation under the Iowa and Federal Constitutions." Because his right to obtain relevant evidence was not violated, we need not address this issue.

We affirm the denial of Brown's postconviction-relief application.

**AFFIRMED.**